**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JUSTIN SPEARS (#9000104499)                    CIVIL ACTION NO.

VERSUS                                          25-95-SDD-EWD

EAST BATON ROUGE PARISH
SHERIFF'S DEPT., ET AL.

**ORDER**

Justin Spears ("Spears" or "Plaintiff"), who is representing himself and who is confined at the East Baton Rouge Parish Prison in Baton Rouge, Louisiana, filed this suit on or about January 30, 2025.[1] Spears brings claims arising from events occurring in 2018, including excessive force and issues filing grievances; failure to protect; retaliation for reporting the 2018 excessive force incident; and denial of access to the courts as a result of mail tampering.[2] Because the claim of denial of access to the courts is not sufficiently related to these other claims, this action will be severed into two separate cases.

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows parties to "join as many claims as it has against an opposing party." The official commentary of Rule 18 states, "it is emphasized that amended Rule 18(a) deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment."[3] Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising

---

[1] R. Doc. 1. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Docs. 1, 3, 6, 8, 9, & 10. Spears also makes mention through his various filings of difficulties litigating this action, receiving medical care, and other issues. However, mention of these other grievances appears to be for purposes of providing background information rather than to bring substantive claims. To the extent Spears intended to bring any claims other than for excessive force and issues filing grievances; failure to protect; retaliation for reporting the 2018 excessive force incident; and denial of access to the courts as a result of mail tampering, those claims would not be properly joined in this lawsuit under the Federal Rules of Civil Procedure 18 and 20. If Spears intends to bring additional claims, he must do so by filing a separate lawsuit(s).

[3] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.

out of the same transaction, occurrence, or series of transactions or occurrences; and "any question of law or fact common to all defendants will arise in the action." Further, under Rules 18(a) and 20, if the claims arise out of the different transactions and do not involve all defendants, joinder should not be allowed.[4] In other words, in a multiparty case, if claims arise from different events and do not involve all defendants, joinder should not be allowed.[5]

Further, severing unrelated claims brought by a prisoner is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one action would frustrate the purposes of the Prison Litigation Reform Act ("PLRA").[6] Indeed, "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision is discouraged.[7]

In this case, Plaintiff's claims arise from distinct actions/inactions by different defendants. Plaintiff's first three complaints revolve around an excessive force incident with Demarcus Braxton, a subsequent failure to protect from Demarcus Braxton, and retaliation related to the incident of excessive force with Demarcus Braxton.[8] From what can be deciphered in the pleadings, Plaintiff also attempts to bring a completely unrelated claim for mail tampering, which he says hinders his access to the courts.[9] The claim of denial of access to the courts is not sufficiently related to the other claims to be joined in this case, especially when considering the purposes of the PLRA. Accordingly,

---

[4] *Shafer v. Davis*, No. 20-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

[5] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

[6] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), judgment entered, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and aff'd, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).

[7] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").

[8] *See* R. Docs. 1, 3.

[9] R. Doc. 1, p. 2.

**IT IS ORDERED** that this case No. 25-cv-95 is **SEVERED** into two separate cases bearing the titles as shown below. The case number for each new case will be sent to Spears at his address of record as soon as a case number is assigned. The two severed cases are titled as follows:

Civil Action No. 25-95, *Spears v. East Baton Rouge Parish Sheriff's Department, et al.* (this original case number remains unchanged and only applies to the claims arising in 2018 for excessive force and interference with grievance filing against Demarcus Braxton and the East Baton Rouge Parish Sheriff's Department, failure to protect against the East Baton Rouge Parish Sheriff's Department, and retaliation against Braxton).[10]

Civil Action No. 26-___, *Spears v. East Baton Rouge Parish Sheriff's Department*, which will contain Plaintiff's denial of access to the courts claim regarding mail tampering against the East Baton Rouge Parish Sheriff's Office.[11]

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint,[12] Amended Complaint,[13] and a copy of this Order into each newly opened case, noted above.

**IT IS FURTHER ORDERED** that Spears must either pay the $405.00 filing fee or file an application to proceed *in forma pauperis* in **each** of the newly opened cases.

Signed in Baton Rouge, Louisiana, on April 6, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] For the retaliation claim, Spears alleges he was retaliated against by "higher ranking staff," but he does not specify any person, except for Braxton, so this claim is believed to be against Braxton. R. Doc. 1, p. 2.

[11] It is unclear who the defendants are involved in this claim; to the extent Spears intended on naming other defendants, he should make any corrections by filing an amended complaint in the new case.

[12] R. Doc. 1.

[13] R. Doc. 3.